HORACE WEBSTER, v. CHARLES W. LAWRENCE
AND OTHERS.

IN THE MATTER OF THE CLAIM OF THE NATIONAL PARK BANK v. H. WEBSTER & CO.

*Attachment — permission given to levy on property in the hands of a receiver.*

In this application for leave to levy an attachment upon property in the possession of a receiver, it was held that the receiver, being a mere liquidator of the rights of the parties, there was no reason why the plaintiffs in the attachment should not be at liberty to pursue their rights notwithstanding the fact that the property had been placed in the custody of the court.

That, although a creditor at large cannot maintain an action for the purpose of setting aside an assignment as fraudulent, as against creditors, yet he may, by attachment, cause property to be taken by the sheriff, and such sheriff may defend an action of trespass, upon the ground that the property had been transferred by the judgment-debtors, defendants in the attachment suit, in fraud of their creditors.

APPEAL from an order denying leave to the National Park Bank to levy, under attachment, upon certain property in the possession of Francis O. Boyd, as receiver of the goods, etc., of H. Webster & Co.

*F. C. Barlow*, for the National Park Bank, appellant.

*A. B. Boardman*, for Francis O. Boyd, respondent.

VAN BRUNT, P. J. :

It is undoubtedly true that a creditor-at-large cannot maintain an action for the purpose of setting aside an assignment as fraudulent as against creditors. But it is also quite well settled that where a creditor at large, by attachment, causes property to be taken by the sheriff theunder, such sheriff may defend an action of trespass upon the ground that the property had been transferred by the defendants in the attachment suit in fraud of their creditors. This right is all that the appellants seek to avail themselves of by this proceeding. Their attachment has been issued against the property of the defendants, H. Webster & Co., upon the ground that they have disposed of their property with intent to hinder, delay and defraud creditors, and the sheriff cannot levy upon their property because it is in the hands of the court, such property having been placed in the hands of the court in an action between these copartners, relating to the instrument of transfer, which is claimed to have been a fraudulent transfer of their property by H. Webster & Co. The receiver, therefore, is the mere liquidator of the parties; and there is no reason why, under such circumstances, the plaintiffs in the attachment should not be at liberty to pursue their rights, notwithstanding the fact that such property had been placed in the custody of the court.

Without passing upon any of the questions involved as to the illegality of the judgment which has been referred to upon this appeal, or as to the effect of the assignment mentioned in the proceedings which culminated in such judgment, it seems that the plaintiffs in the attachment should have the right to test the title to this property in the manner provided by law, and that they should be permitted to levy their attachment thereunder, and the sheriff to take the same into his possession, leaving the parties

to their action for the trespass which will have been committed provided the title to the property cannot be maintained.

· The order should be reversed, without costs, and the appellants have leave to cause their attachment to be levied on the property in the hands of the receiver.

Bartlett and Macomber, JJ., concurred.

Order reversed, without costs.